UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARY (HENSLEY) SANCHEZ, an individual,<br><br>                    Plaintiff,<br>     v.<br><br>ABERDEEN SCHOOL DISTRICT NO. 5, a public corporation; CHENEY SCHOOL DISTRICT, a public corporation; Defendants Jane and John Does 1-7,<br><br>                    Defendants. | CASE NO. 3:21-cv-05236-RJB<br><br>ORDER ON DEFENDANT CHENEY SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Cheney School District's Motion for Summary Judgment.  Dkt. 34.  The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

This cases arises from the alleged sexual misconduct of an Aberdeen High School band teacher, Michael Alstad, with the Plaintiff, who was his student at the time.  Dkts. 1 and 25.  Prior to his employment at Aberdeen High School, Mr. Alstad worked at Cheney High School where he is alleged to have sexually abused another female student.  *Id.*  The Plaintiff, now a

ORDER ON DEFENDANT CHENEY SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT - 1

New Mexico resident, makes Washington state law claims against both school district defendants for "failure to report," negligence, "agency," and negligent and intentional infliction of emotional distress. *Id.* She makes an additional claim for violation of the Washington Law Against Discrimination, RCW 49.60, et. seq., ("WLAD") against Defendant Aberdeen School District. *Id.*

The Cheney School District now moves for summary judgment on all claims asserted against it. Dkt. 34. For the reasons provided below, the motion (Dkt. 34) should be granted as to the outrage claim and denied in all other respects.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. FACTS

There are several people involved with this case. A brief index of them and their jobs at the time of these events is helpful:

- Michael Alstad – band teacher in both Defendants Cheney School District and then Aberdeen School District; allegedly sexually abused Sara Bachman-Rhodes in Cheney and Plaintiff Mary Sanchez in Aberdeen;
- Plaintiff Mary Sanchez – student in Aberdeen School District and alleged victim of Mr. Alstad's sexual abuse;
- Sara Bachman-Rhodes – student in Cheney School District and alleged victim of Mr. Alstad's sexual abuse;
- Yvonne Elliot – Mr. Alstad's wife and a teacher's assistant in Cheney School District;
- Susan Grover – Mr. Alstad and Ms. Elliot's roommate and art teacher in Cheney School District;

- Patrick Albert – assistant band instructor in the Cheney School District and alleged to have been sexually molesting another high school student at the time, Stephanie Jenkins;

- Stephanie Jenkins - alleges that Mr. Albert was sexually abusing her while she was a student in the Cheney School District and was friends with Sara Bachmann-Rhodes;

- Patty Atkinson – choir director in the Cheney School District; and

- Gale Marrs - the Superintendent of Schools for the Cheney School District.

The following facts relate to Defendant Cheney School District's pending motion.

Mr. Alstad taught band within Defendant Cheney School District from 1982 to 1986; he was involved with both the high school and junior high school bands. Dkts. 39-5 at 2; 39-4 at 2. In 1982, Mr. Alstad began teaching a freshman student Sara Bachman-Rhodes. Dkt. 41-7 at 41. At the time, freshman (9th graders) attended Cheney Junior High School. Dkt. 39-7 at 41. Mr. Alstad had Ms. Bachman-Rhodes as a band student for both her sophomore and junior years. Dkt. 41-7 at 47 and 59. Allegedly, after years of engaging in grooming behavior, Mr. Alstad began sexually abusing Ms. Bachman-Rhodes in the fall of 1984, her junior year of high school. Dkt. 41-7 at 42-64. This included intercourse in the Cheney Junior High School band room (Dkt. 41-7 at 59-60), on band trips, and at the high school. Dkt. 41-7 at 59-60; 89.

Mr. Alstad's wife, Yvonne Elliot, was a teacher's assistant at Cheney Junior High School. Dkt. 35-2 at 4. She was only a teacher's assistant for a year, starting in 1984. *Id.*

In the fall of 1984, Mr. Alstad told Ms. Elliot that he was having an affair with his student, Ms. Bachman-Rhodes. Dkt. 35-2 at 5. Ms. Elliot states that she was "shocked . . . asked him something about, Well, we'll figure this out . . . and then [Mr. Alstad] told [Ms. Elliot] that he was in love with [Ms. Bachman-Rhodes] and wanted to run away with her." *Id.* at 5-6.

Although Mr. Alstad did not admit to having sexual intercourse with Ms. Bachman-Rhodes, Ms. Elliot states that "it was implied by saying an affair." *Id.* at 6.  Ms. Elliot recounted that Mr. Alstad told her about the affair after Ms. Bachman-Rhodes' parents found out and told him he needed to tell his wife.  *Id.*

A few days later, Mr. Alstad and Ms. Elliot met with Ms. Bachman-Rhodes' parents, who were distraught.  *Id.* at 7.  According to Ms. Elliot, Ms. Bachman-Rhodes' parents were concerned for their daughter, didn't want any "bad rumors," and "didn't want [Mr. Alstad and Ms. Elliot] to tell anybody because they were worried for Sara."  *Id.*  Ms. Elliot did not report Mr. Alstad's abuse of Ms. Bachman-Rhodes to anyone else, but she and Mr. Alstad did tell their roommate at the time, Susan Grover.  *Id.* at 8 and 10.  Ms. Grover was the new art teacher at Cheney High School.  *Id.* at 11.  After they told Ms. Grover about the affair, Ms. Grover was upset and moved out.  *Id.*  Ms. Grover only lived with them for a brief time.  *Id.*

Mr. Alstad continued to sexually abuse Ms. Bachman-Rhodes throughout her time in high school.  Dkt. 41-7 at 82-83.  She hid this from her parents.  Dkt. 41-7 at 88-89.  Ms. Bachman-Rhodes graduated in 1986 and told her parents after she graduated that she was continuing to see Mr. Alstad.  *Id.*

Ms. Bachman-Rhodes states that although she does not have concrete knowledge that other school employees knew of the abuse, she thinks that the junior high school assistant band instructor, Patrick Albert, and possibly Patty Atkinson, the high school choir teacher, knew what was happening.  Dkt. 41-7 at 94-95.  Both staff members took school trips (including overnight) with Mr. Alstad and Ms. Bachman-Rhodes and would have been aware of the time they spent together.  *Id.* at 95-97.  Ms. Bachman-Rhodes has "vague memories" of Mr. Alstad and Ms. Atkinson discussing what Mr. Alstad was doing to Ms. Bachman-Rhodes.  *Id.* at 95.

ORDER ON DEFENDANT CHENEY SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT - 4

As for Mr. Albert, Ms. Bachman-Rhodes states that another student, Stephanie Jenkins, alleged that Mr. Albert was sexually abusing her, and the two girls became friends and discussed both situations. *Id.* at 95. Mr. Albert was only employed for a year from 1984 to 1985 to instruct the jazz band; he was part time (two or three days a week after school) and had no teaching credentials. Dkt. 41-8 at 55. Mr. Albert states that he did not know of Mr. Alstad's abuse of Ms. Bachman-Rhodes. Dkt. 41-8 at 68-74. Stephanie Jenkins Mount filed a declaration in this case and states that she "knows that Mr. Albert was aware of the sexual conduct between Ms. Bachman-Rhodes and Mr. Alstad as Mr. Albert openly discussed it with [her]." Dkt. 37 at 2. (The Cheney School District moves to strike Ms. Jenkins Mount's declaration in its reply. Dkt. 42. For the reasons provided below in Section II. B., that motion should be denied.)

Gale Marrs, the Superintendent of Schools for the Cheney School District at the time, testified that he did not hear of any interactions between Mr. Alstad and Ms. Bachman-Rhodes, did not hear of concerns that Ms. Bachman-Rhodes was getting favorable treatment from Mr. Alstad, and did not hear that Mr. Alstad was having "relationships with any of the band students." Dkt. 35-3 at 6. The Cheney School District has acknowledged that it is unaware of any investigations into Mr. Alstad's "alleged misconduct" and did not make any reports to law enforcement regarding the same. Dkt. 39-6 at 3 and 14.

Mr. Alstad quit his job at the Cheney School District on in May of 1986. Dkt. 41-13 at 2. He applied for a position in the Aberdeen School District. *See* Dkt. 39-4. On August 19, 1986, the Cheney School District sent an "Experience Verification Form" in connection with his application, certifying he taught for four years. Dkt. 39-4 at 2.

In the fall of 1986, Mr. Alstad was hired by Defendant Aberdeen School District as a band teacher at Aberdeen High School. Dkt. 39-2 at 2. It is there that he met the Plaintiff in this

case, Mary Sanchez, in 1987, when she was a freshman. Dkt. 39-3 at 3. According to the Plaintiff, he groomed and then sexually abused her while Ms. Sanchez was his student. *Id.* at 3-8.

### B. PROCEDURAL HISTORY AND PENDING MOTION

On January 14, 2022, the Defendant Aberdeen School District's motion for summary judgment was granted, in part, and denied, in part. Dkt. 20. To the extent the Plaintiff made a WLAD claim against Defendant Aberdeen School District, that claim was dismissed. *Id.* Its motion for summary judgment was denied in all other respects. *Id.*

On June 21, 2022, the Plaintiff filed her amended complaint and added the claims against the moving party here, Defendant Cheney School District. Dkt. 25.

Defendant Cheney School District moves for summary judgment arguing that it cannot be held liable for its employees Yvonne Elliot's (Mr. Alstad's wife) or Susan Grover's (the art teacher and Mr. Alstad and Ms. Elliot's roommate in 1984) failure to report the abuse under the mandatory reporting statute, RCW 26.44.030, because they both learned of the abuse in their personal capacities. Dkt. 34. It contends that the Plaintiff's negligence claims should be dismissed because it did not owe her a duty. *Id.* The Cheney School District argues that the Plaintiff's claim for outrage should be dismissed. *Id.* The Plaintiff opposes the motion (Dkt. 36), the Cheney School District has filed a reply (Dkt. 42) and the motion is ripe for decision.

The discovery deadline is February 17, 2023, the dispositive motions deadline is February 28, 2023, and trial is set to begin on May 30, 2023. Dkts. 27 and 32.

## II. DISCUSSION

### A. STATE SUBSTANTIVE AND FEDERAL PROCEDURAL LAW APPLIES

1  The Court has jurisdiction over the case due to the diversity of the parties' citizenship
2  under 28 U.S.C. § 1332. Dkts. 1 and 25. Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S.
3  64 (1938), federal courts sitting in diversity jurisdiction, as here, apply state substantive law and
4  federal procedural law. *Gasperini v. Center for Humanities*, *Inc.*, 518 U.S. 415, 427 (1996). In
5  applying Washington law, the Court must apply the law as it believes the Washington Supreme
6  Court would apply it. *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222
7  (9th Cir. 2003).

8  **B.     DEFENDANT CHENEY SCHOOL DISTRICT'S MOTION TO STRIKE**

9  Cheney School District moves to strike Ms. Jenkins Mount's declaration arguing that her
10 statement that she knew "that Mr. Albert was aware of the sexual conduct between Ms.
11 Bachman-Rhodes and Mr. Alstad as Mr. Albert openly discussed it with [her]" should be
12 excluded because it lacks foundation under Fed. R. Evid. 602. Dkt. 42.
13 Fed. R. Evid. 602 provides that "[a] witness may testify to a matter only if evidence is
14 introduced sufficient to support a finding that the witness has personal knowledge of the matter.
15 Evidence to prove personal knowledge may consist of the witness's own testimony."
16 For purposes of this order alone, Ms. Jenkins Mount's declaration provides adequate
17 foundation for her testimony. Her declaration states that she knew Mr. Albert as the assistant
18 band teacher. Dkt. 37. Ms. Jenkins Mount indicates that she, Mr. Albert, Mr. Alstad and Ms.
19 Bachman-Rhodes and others would take band trips together. *Id.* She states that she and Mr.
20 Albert would "openly discuss" the "sexual conduct" between Ms. Bachmann-Rhodes and Mr.
21 Alstad. *Id.* The motion to strike (Dkt. 42) should be denied. Note that no evidence of what Mr.
22 Albert may have said (hearsay) is here offered.

23 **C.     SUMMARY JUDGMENT STANDARD**

24

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986); *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, which is a preponderance of the evidence in most civil cases. *Anderson,* 477 U.S. at 254; *T.W. Elect.,* 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect.,* 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888–89 (1990).

## D. CLAIM BASED ON MANDATORY REPORTING STATUTE

In 1984-1986, Washington's mandatory reporting statute, RCW 26.44.030 provided, in part:

> Reports—Duty and authority to make—Duty of receiving agency. (1) When any practitioner, professional school personnel, registered or licensed nurse, . . . has reasonable cause to believe that a child . . . has suffered abuse or neglect, he shall report such incident, or cause a report to be made, to the proper law enforcement agency or to the [Washington State Department of Social and Health Services] department as provided in RCW 26.44.040.

"Abuse" under the statute includes "sexual abuse" and "sexual exploitation," RCW 26.44.020(1), and "professional school personnel" are "teachers, counselors, administrators, child care facility personnel, and school nurses" RCW 26.44.020(23). "A mandatory reporter named in RCW 26.44.030 who knowingly fails to make an 'immediate oral report' of child abuse 'shall be guilty of a gross misdemeanor.'" *State v. James-Buhl*, 190 Wn.2d 470, 475 (2018)(*quoting* RCW 26.44.040, .080).

While there is no explicit civil cause of action in the mandatory reporting statute, the Washington State Supreme Court has held that victims of child abuse have an implied cause of action against a mandatory reporter who fails to report suspected abuse. *Beggs v. State, Dep't of Soc. & Health Servs.*, 171 Wn.2d 69, 78 (2011). Further, because reporting child abuse is within a "[school] district employee's scope of employment," school districts "can have vicarious liability for the negligence of its employees," including for their failure to report abuse under RCW 26.44.030. *Evans v. Tacoma School Dist. No. 10,* 195 Wn. App. 25, 44 (2016)(holding parent of abused child stated a claim against a school district for the school district's employees' failure to report abuse under RCW 26.44.030).

The Cheney School District argues that it cannot be held liable for its employees Yvonne Elliot's (Mr. Alstad's wife) or Susan Grover's (the art teacher and Mr. Alstad and Ms. Elliot's

ORDER ON DEFENDANT CHENEY SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT - 9

roommate in 1984) failure to report the abuse under the mandatory reporting statute,

RCW 26.44.030, because they both learned of the abuse in their personal capacities.

roommate in 1984) failure to report the abuse under the mandatory reporting statute, RCW 26.44.030, because they both learned of the abuse in their personal capacities. Dkt. 34. It points to *State v. James-Buhl,* 190 Wn.2d 470 (2018), and argues that both these women learned of the abuse outside the context of their employment and so had no obligation to report the abuse. *Id.*

The Cheney School District argument is unpersuasive. In *James-Buhl,* a school teacher failed to report that her daughters were being sexually abused by her husband, the children's stepfather, in their home. *James-Buhl* at 472. The teacher's daughters were not enrolled at her school and her husband was not an employee of the school district. *Id.* Although her daughters told her of the abuse in January of 2015, Ms. James-Buhl failed to report it. *Id.* The State charged her with three counts of violating the Washington's mandatory reporting statute, RCW 26.44.030(1) "applicable to her as 'professional school personnel.'" *Id.* On her motion, the trial court dismissed the charges. *Id.* The Washington Court of Appeals reversed, and the Washington State Supreme Court reversed that decision. *Id.* In affirming the decision to dismiss the charges, the Washington State Supreme Court held that:

> Since the statute imposes a mandatory duty on people in various occupational roles, failure to comply with that duty must have at least some connection between the individual's professional identity and the criminal offense. For example, a connection could be established because of the teacher's relationship to the child or relationship to the alleged abuser, or the circumstances in which the teacher gained reasonable cause to believe that a child has been abused. This surely includes the regular course of employment, but it goes beyond that time frame as well.

*Id.* at 477–78.

The Cheney School District argues that Ms. Elliot (Mr. Alstad's wife) and Ms. Grover (the art teacher) learned of the abuse while they were at home. Dkt. 34 at 5. It asserts that Ms. Elliot was told because she was Mr. Alstad's wife and Ms. Bachman-Rhodes' parents insisted

ORDER ON DEFENDANT CHENEY SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT - 10

1  that Mr. Alstad tell her. *Id.*  It argues that they told Ms. Grover because she was their roommate. *Id.* The Cheney School District maintains that, like the teacher in *James-Buhl,* they had no obligation to report Alstad's activities. *Id.*

The Cheney School District's position is unpersuasive. Unlike the mother-teacher in *James-Buhl,* each of these women had a professional connection to Ms. Bachman-Rhodes. Ms. Elliot was a teaching assistant at the junior high school where Mr. Alstad first sexually assaulted Ms. Bachman-Rhodes. Ms. Grover was a teacher at the high school Ms. Bachman-Rhodes attended. Ms. Bachman-Rhodes was not their child or a child in a community unconnected to them, but was a student in the district/school where they taught.

Further, the Plaintiff points to evidence that there were other school professionals who knew – Mr. Albert, the assistant band teacher for the junior high school, for example. While there are issues of fact as to whether Mr. Albert knew of the sexual abuse (Mr. Albert states that he did not know of Mr. Alstad's abuse of Ms. Bachman-Rhodes (Dkt. 41-8 at 68-74), but Ms. Jenkins Mount says he did know (Dkt. 37 at 2)).

The Cheney School District acknowledges that it does not have any evidence that Ms. Grover (the art teacher) reported the abuse. It points out that the Plaintiff has not proven the inverse - that Ms. Grover (the art teacher) or someone else failed to report the abuse. This argument is contrary to what is necessary at this juncture. The Plaintiff is entitled to reasonable inferences on a motion for summary judgment, *O'Connor v. Boeing N. Am., Inc.,* 311 F.3d 1139, 1150 (9th Cir. 2002), including an inference that Child Protective Services or law enforcement would have acted had someone reported Mr. Alstad's abuse. "When the evidence yields conflicting inferences, summary judgment is improper." *Id.*  In any event, Ms. Elliot admitted that she did not report the abuse.

ORDER ON DEFENDANT CHENEY SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT - 11

The Cheney School District argues that both Ms. Elliot (Alstad's wife) and Mr. Albert (the assistant band teacher for the junior high school) were not teachers, but only teacher's assistants.  Dkt. 42.  It contends that the mandatory reporting statute only applies to "professional school personnel" which are "teachers, counselors, administrators, child care facility personnel, and school nurses" under RCW 26.44.020(23).  It fails to cite any authority for the proposition that the mandatory reporting statute's use of the term "teacher" should be read so narrowly to exclude teacher's assistants or part time instructors.  "When considering the application of the statute, the State's interest in the protection of children is unquestionably of the utmost importance." *James-Buhl* at 475.  The State's interest in protecting children would be undermined if the statute was not read to include teaching assistants or part time instructors.

At a minimum, the Plaintiff has pointed to issues of fact that several of the Cheney School District's employees, Ms. Elliot (Alstad's wife), Ms. Grover (the art teacher) and Mr. Albert (the assistant band teacher for the junior high school) were mandatory reporters under RCW 26.44.030, knew of Mr. Alstad's sexual abuse of Ms. Bachman-Rhodes, and did not report it.  Cheney School District's motion for summary judgment on Plaintiff's claim for violation of the mandatory reporting statute (Dkt. 34) should be denied.  The Court here makes no finding on the result of causation issues between Plaintiff's damages and Defendant Cheney School District.

  E.  NEGLIGENCE CLAIM

To prevail on a negligence claim, a Washington plaintiff "must show (1) the existence of a duty to the plaintiff, (2) a breach of that duty, (3) a resulting injury, and (4) the breach as the proximate cause of the injury." *Turner v. Washington State Dep't of Soc. & Health Servs.*, 198 Wash.2d 273, (2021)(*internal quotation marks and citations omitted*).

1          The Cheney School District argues that the Plaintiff's negligence claim should be
2  dismissed because it did not owe her a duty.  Dkt. 34.  It reasons that she was not a student in the
3  Cheney School District at the time the failures to report Mr. Alstad's abuse occurred and so it
4  owed her no duty.  Dkt. 34.  Relying on an unreported case, *Albertson v. Pierce County,* 186
5  Wn.App. 1002 (2015) Defendant Cheney School District contends that the mandatory reporter
6  statute, RCW 26.44.030, like the mandatory investigation statute, RCW 26.44.050, only
7  contemplates a duty to report the identity of other children who are currently at risk so that an
8  investigation may be done.  *Id.*

9          *Albertson* addressed whether there was an exception to the public duty doctrine in RCW
10  26.33.050, which provides that on receiving a report of abuse, "law enforcement or the
11  department of health and human services must investigate."  *Id.*  The *Albertson* Court concluded
12  that the mandatory investigation statute, RCW 26.44.050, did not include a governmental duty to
13  future children that would allow them to assert a claim for negligence.  *Id.*

14          Contrary to the language in the mandatory investigation statute, RCW 26.44.050, the
15  mandatory reporting statute here, RCW 26.44.30, includes an additional provision, which
16  provides that:

> The reporting requirement ... does not apply to the discovery of abuse or neglect that occurred during childhood if it is discovered after the child has become an adult. However, if there is reasonable cause to believe other children are **or may be at risk of abuse** or neglect by the accused, the reporting requirement ... does apply.

RCW 26.44.30(2)(*emphasis added*).  The plain language of the mandatory reporting statute, contemplates protecting children, who "may be at risk," that is children who are not currently at risk of becoming victims but maybe at risk of becoming future victims.  Contrary to the Cheney School District's contentions, there is no temporal limit in the statute (restricting its application

ORDER ON DEFENDANT CHENEY SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT - 13

to only the students who were currently at risk of becoming victims) and this Court will not add one.

The Plaintiff also maintains that the Cheney School District owed her a common law duty (not based on RCW 26.44.30(2)) based on its special relationship with Mr. Alstad. Dkt. 36.

"As a general rule, there is no duty to prevent a third party from intentionally harming another unless a special relationship exists between the defendant and either the third party or the foreseeable victim of the third party's conduct." *N.K. v. Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, 175 Wn. App. 517, 528 (2013). "A duty to protect another from sexual assault by a third party may arise where the defendant has a special relationship with the tortfeasor that imposes a duty to control the third person's conduct, or it may arise where the defendant has a special relationship with the other that gives the other a right to protection." *Id.* at 525-526.

The Plaintiff contends that it was the Cheney School District's special relationship with Mr. Alstad that gives rise to its duty to protect her from his sexual assault. Dkt. 36. "This duty does depend on proof that the defendant was aware of the tortfeasor's dangerous propensities." *N.K.* at 739.

Cheney School District's motion for summary judgment on the Plaintiff's negligence claim (Dkt. 34) should be denied. There are material issues of fact as to whether it, through its employees, knew of Mr. Alstad's "dangerous propensities," and whether it owed a duty to the Plaintiff, a breach of which caused the Plaintiff harm. While, ordinarily, whether a duty exists is an issue of law, "[s]ummary judgment is inappropriate where the existence of a legal duty depends on disputed material facts." *Afoa v. Port of Seattle*, 176 Wn.2d 460, 466 (2013).

### F. EMOTIONAL DISTRESS CLAIMS

The Plaintiff asserts both negligent and intentional infliction of emotional distress claims. Dkt. 25 at 9.  While it moves for dismissal of all claims generally, Defendant Cheney School District does not specifically address the claim for negligent infliction of emotional distress. Dkt. 34. Accordingly, no ruling will be issued on that claim.  The Cheney School District does move for dismissal of the Plaintiff's claim for intentional infliction of emotional distress, also referred to in Washington as the tort of outrage.

In Washington, "[t]he tort of outrage requires the proof of three elements:  (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wn.2d 192, 195 (2003).  Any claim for outrage "must be predicated on behavior so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 196 (*internal quotations and citation omitted*).  "The question of whether certain conduct is sufficiently outrageous is ordinarily for the jury, but the court must initially determine if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability." *Costanich v. State, Dep't of Soc. & Health Servs.*, 177 Wn. App. 1025 (2013).

The Cheney School District's motion for summary judgment on the Plaintiff's outrage claim against it (Dkt. 34) should be granted.  The Plaintiff has failed to point to sufficient issues of fact that from which "reasonable minds could differ" on whether a school districts' employees' failure to report a teacher who they knew was sexually abusing a student was "sufficiently extreme" to result in liability for the Cheney School District.  Its motion to dismiss the outrage claim (Dkt. 34) should be granted.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant Cheney School District's Motion for Summary Judgment (Dkt. 34) **IS GRANTED** as to the Plaintiff's outrage claim and **DENIED** in all other respects; and

- The Plaintiff's outrage claim asserted against Defendant Cheney School District **IS DISMISSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of February, 2023.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge